**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

IN RE:

NELSON DEAN JEFFERSON                                                              CASE NO. 05-50450
ALFREDA GAIL JEFFERSON

DEBTORS

J. JAMES ROGAN, TRUSTEE                                                                       PLAINTIFF

VS.                                                                                              ADVERSARY NO. 05-5104

J & J MORTGAGE COMPANY and
FIFTH THIRD BANK                                                                              DEFENDANTS

## MEMORANDUM OPINION

The issue of whether a mortgage is rendered unrecordable and subject to the subsequent interest of the Chapter 7 trustee, due to a notary's failure to include the expiration date of his commission in the mortgage attestation clause, was submitted to the court on the parties' cross motions for summary judgment (Dock. #s17 and 19). For the reasons set forth in this Memorandum Opinion, the court finds that the mortgage is recordable under Kentucky law and therefore prior to the interest of the Chapter 7 Trustee in this case. The facts, which have been jointly stipulated to by the parties (Dock. #16), are not in dispute and the matter is ripe for summary judgment. The court has jurisdiction of this matter pursuant to 28 U.S.C. 1334 (b); it is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(k).

Debtors Nelson and Alfreda Jefferson purchased a Skyline mobile home from Cooper Homes, Inc. on December 6, 2003. At the time of the purchase, the Debtors

1

owned real property located at 4595 Levee Road, Mt. Sterling, Kentucky. The Debtors borrowed the sum of $71,900 from Defendant J & J Mortgage Company in order to finance the purchase of the mobile home. The closing took place at the Flemingsburg, Kentucky offices of J & J Mortgage.

The following documents were executed by the Debtors at the closing: Note in the original principal amount of $71,900; Settlement Statement; Mortgage; Application for Certificate of Title; and Declaration of Manufactured Home to Real Property. Mr. Roger Kuhn, a notary public for the state of Ohio and for the state at large for the Commonwealth of Kentucky, conducted the loan closing and notarized the mortgage, mistakenly affixing his Ohio notary seal thereto rather than a seal evidencing his Kentucky commission. It is undisputed that Mr. Kuhn, though holding a valid Kentucky notary commission, did not affix any proof of his Kentucky notary nor did he affix his Kentucky commission expiration date to the Mortgage.

On February 5, 2004, the Commonwealth of Kentucky, Department of Transportation, issued a certificate of title with respect to the mobile home. Thereafter, on February 18, 2004, Debtors executed an Affidavit of Conversion to Real Estate, to which the mobile home's certificate of title was attached, and the affidavit was recorded, along with the subject mortgage, in the Montgomery County Clerk's office on March 8, 2004. The note and mortgage were ultimately assigned to Defendant Fifth Third Bank via a Corporate Assignment of Mortgage dated December 6, 2003, recorded in Miscellaneous Book 90, Page 768 of the Montgomery County Clerk's Office. The Debtors filed their Chapter 7 petition in bankruptcy on February 17, 2005 and the Plaintiff was appointed trustee of the bankruptcy estate in their case.

Initially, the Plaintiff Trustee challenged the validity of the lien of Defendants J & J Mortgage and Fifth Third Bank on the Debtors' mobile home, but apparently conceded that the Debtors properly converted the mobile home to real property. Accordingly, the only remaining issue to be determined is whether the mortgage was properly acknowledged, given the lack of the notary's Kentucky expiration date. The identical issue has already been decided by Judge Howard in the case of ***Kendrick v. Meyers, et. al. (In re Meyers),*** Case No. 05-21663, Adversary Proceeding No. 05-2061, Order and Judgment entered February 22, 2006, in which the court ruled that an assignment of mortgage was properly acknowledged and recordable even though the notary certificate failed to contain a recitation of the expiration date of the notary's commission.

Consequently, in the present proceeding, the court finds that Mr. Kuhn's failure to include his commission expiration date in the notary certificate does not invalidate his notarial act. The mortgage executed by the Debtors and acknowledged by Mr. Kuhn is a recordable document sufficient to provide constructive notice to the Plaintiff Trustee and to defeat the Trustee's status as a bona fide purchaser without notice. The court will enter a separate order sustaining the Defendant's Motion for Summary Judgment and overruling the Plaintiff's Motion for Summary Judgment.

Copies to:
John M. Simms, Esq.
John R. Brice, Esq.

3

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
***The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.***



**Signed By:**
***Joseph M. Scott***
**Bankruptcy Judge**
**Dated: Thursday, February 23, 2006**
**(jms)**